UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINESE VARNER,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>LVNV FUNDING LLC<br><br><br>                    Defendant(s). | Case No. 5:25−cv−01513−KK−SK<br><br>**CIVIL TRIAL SCHEDULING ORDER**<br><br>Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties:  9/18/2025<br><br>Fact Discovery Cut-Off (including hearing of discovery motions): 12/11/2025<br><br>Last Day to Serve Initial Expert Reports:  12/18/2025<br><br>Last Day to Serve Rebuttal Expert Reports:  1/8/2026<br><br>Expert Discovery Cut-Off (including hearing of discovery motions): 1/22/2026<br><br> Motion Hearing Cut-Off: 2/12/2026<br><br>Last Day to Conduct Settlement Proceedings: 2/12/2026<br><br>Final Pretrial Conference: 3/5/2026 at 10:30 AM<br><br>Jury Trial: 3/23/2026 at 08:30 AM |

This case is set for trial before the Honorable Kenly Kiya Kato, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501.

## I.    MOTIONS

Judge Kato hears motions in civil cases on Thursdays at 9:30 a.m. The cut-off date for hearing motions is the last day on which motions will be heard, i.e., the motion must be filed **at least twenty-eight (28) days** before the deadline in accordance with the requirements of Local Rule 6-1. The motion hearing cut-off date applies to all non-discovery motions except: (1) motions for class certification, which shall be filed in accordance with the deadline set forth in the Court's Civil Standing Order,[1] and (2) motions directly related to the conduct of trial, e.g., motions in limine and motions to sever parties or bifurcate issues for trial, which shall be properly noticed for hearing no later than the date of the Final Pretrial Conference.

All parties and counsel must comply with Local Rule 7-16, which provides:

Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing. Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

Failure to comply with this notification requirement may result in the imposition of sanctions on the offending counsel or party.

## II.    DISCOVERY

Counsel shall initiate all discovery other than depositions **at least forty-five (45) days before** the cut-off date. The Court will not approve stipulations between counsel which permit responses to be served after the cut-off date except in unusual circumstances and for good cause shown.

Counsel are expected to resolve discovery problems without the assistance of the Court. The discovery cut-off is the last date to complete discovery. It is also the

---

[1]    The Court's Civil Standing Order is available on Judge Kato's Schedule and Procedures webpage at http://www.cacd.uscourts.gov/honorable-kenly-kiya-kato.

1    last day for hearing any discovery motion. In addition, any motion challenging the

2    adequacy of responses to discovery must be served and calendared sufficiently in

3    advance of the discovery cut-off date to permit the responses to be obtained before

4    that date, if the motion is granted.

5    **III.   SETTLEMENT PROCEDURES**

6         The parties must complete settlement proceedings under the Court-Directed

7    Alternative Dispute Resolution ("ADR") Program (Local Rule 16-15.4) no later

8    than the date set by the Court above. The parties shall schedule their ADR

9    proceeding as soon as reasonable, but (1) **no later than ninety (90) days prior to**

10   **to the ADR deadline,** if the Court has ordered the parties to participate in ADR

11   Procedure No. 1, and (2) **no later than sixty (60) days after the entry of this**

12   **Order,** if the Court has ordered the parties to participate in ADR Procedure Nos. 2

13   or 3. **Within seven (7) days of scheduling the ADR proceeding,** Plaintiff shall

14   file a Joint Statement confirming that the parties have done so and the date of the

15   proceeding. If the parties desire to participate in an ADR procedure other than that

16   selected in the Rule 26(f) Joint Report and ordered by the Court, they shall file a

17   stipulation with the Court. This request will not necessarily be granted.

18        Plaintiff shall file a Joint Report regarding the outcome of settlement

19   discussions, the likelihood of possible further discussions, and any help the Court

20   may provide with regard to settlement negotiations **no later than seven (7) days**

21   **after** the settlement conference. No case will proceed to trial unless all parties,

22   including the principals of all corporate parties, have appeared personally at a

23   settlement conference and complied with Local Rule 16-15.5.

24        If a settlement is reached, it shall be reported immediately to this Court as

25   required by Local Rule 16-15.7. **In all cases set for jury trial, the parties must**

26   **notify the Court, no later than the Wednesday preceding the Monday trial**

27   **date, of any settlement, so that the necessary arrangements can be made to**

28   **bring in a different case for trial or notify the members of the public who**

**would otherwise be reporting for jury duty that their services are no longer needed.**

**Failure to comply with this notification requirement may result in the imposition of sanctions on counsel for one or more parties, or their clients, or both.**

**Upon receipt of oral or written notice that a case has settled, the Court will administratively close the case and if no agreed final order or judgment is thereafter submitted within thirty (30) days, or if no party files a motion to reopen within such time, the case shall, without further order, stand dismissed with prejudice.**

## IV.    FINAL PRETRIAL CONFERENCE

The Court will conduct a Final Pretrial Conference pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-1 on the date and time listed above. Each party appearing in this action shall be represented at the Final Pretrial Conference and at all pretrial meetings by the lead trial counsel. In rare cases where the Pretrial Conference is waived by the Court, counsel must follow Local Rule 16-11. This Court does not exempt <u>pro per</u> parties from the requirements of Local Rule 16.

### 1.    <u>Matters to be Discussed at the Final Pretrial Conference</u>

Counsel shall be prepared to discuss the following matters with the Court at the Final Pretrial Conference:

- streamlining the trial, including presentation of testimony by deposition excerpts, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes;
- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;
- any anticipated issues in scheduling witnesses;
- any evidentiary issues, including anticipated objections under Rule 403, and objections to exhibits;

- jury selection procedures;

- all pretrial motions, including motions in limine, to bifurcate and to sever;

- any disputed jury instructions, and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and

- who will be seated at counsel table. No attorney shall be permitted to sit at counsel table who does not actively participate in trial. The Court strongly encourages lead counsel to permit newer attorneys to present argument and/or examine witnesses at trial.

If counsel for any party need to arrange for the installation of their own equipment, such as video monitors, notebooks, or overhead projectors, counsel shall notify the Courtroom Deputy Clerk ("CRD") ***no later than 4:00 p.m. seven (7) days before trial*** so that the necessary arrangements can be made.

### 2.    Pretrial Filings

Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and a proposed Final Pretrial Conference Order in accordance with the provisions of Local Rules 16-4 through 16-7. The form of the proposed Final Pretrial Conference Order shall be in conformity with the form set forth in Appendix A to the Local Rules. The filing schedule for pretrial documents is as follows:

At least 28 days before final pretrial conference

- Motions in limine

At least 21 days before final pretrial conference

- Memorandum of contentions of fact and law

- Joint witness list with time estimates for each witness

- Joint exhibit list

- Oppositions to motions in limine

At least 14 days before final pretrial conference

- Proposed final pretrial conference order
- Stipulation of facts
- Joint exhibit stipulation
- Proposed jury instructions, and any objections
- Proposed verdict form(s)
- Joint statement of the case
- Proposed voir dire questions

At least 7 days before trial

- Exhibit binders
- Deposition designations
- Trial briefs, if desired

### A.  *Motions in Limine*

**Each side is limited to five (5) motions in limine.** Memoranda of Points and Authorities in support of or in opposition to motions in limine shall not exceed ten (10) pages. Replies will not be accepted. Motions in limine shall not be compound, i.e., each motion shall address only one item of evidence or witness. If common grounds for exclusion or admission apply to multiple items of evidence or witnesses, each motion shall address only one category of evidence or witnesses. Motions in limine should not be disguised motions for summary adjudication of issues.

### B.  *Witness List*

At least ***twenty-one (21) days before the Final Pretrial Conference,*** counsel shall file their joint witness list, which shall include a phonetic spelling of each witness's name, a brief description of each witness's anticipated testimony, and time estimates for direct examination and cross examination of each witness:

///

| Witness Name | Party Calling | Time Direct Exam. | Time Cross Exam. | Description of Testimony |
|---|---|---|---|---|
| John Doe (J-on D-oh) | P | 1.0 hr | 0.5 hr | |

On the first day of trial, counsel shall provide three copies of witness lists, in the order in which the witnesses may be called to testify to the CRD, in the following form:

| Witness Name | Date Called to Testify |
|---|---|
| 1. John Doe | |
| 2. Jane Roe | |

### C. *Exhibit List, Joint Exhibit Stipulation, and Exhibit Binders*

At least *twenty-one (21) days before the Final Pretrial Conference*, counsel shall file their Joint Exhibit List in the following form:.

| Exhibit No. | Description | Date Identified | Dated Admitted |
|---|---|---|---|
| 3 | 1/30/2020 Letter from Doe to Roe | | |

At least *fourteen (14) days before the Final Pretrial Conference*, counsel shall file their Joint Exhibit Stipulation, which shall include objections to exhibits, the basis of the objection, and the offering party's response. Each objection must include the grounds for the objection (e.g., a Federal Rule of Evidence) and an explanation of why the disputed exhibit is not admissible. Any blanket or boilerplate objections to the opposing party's exhibits will be disregarded and overruled.

The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the Joint Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate. The Joint Exhibit Stipulation shall be in the following form:

| Exhibit No. | Exhibit Description | Objection / Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | | |

At least ***seven (7) days before <u>Trial</u>***, counsel shall submit their exhibits in both hard copy and electronic (e.g., USB) format. All exhibits are to be numbered in accordance with Local Rule 26-3. The hard copy exhibits shall be placed in 3-ring binders that are tabbed down the right side with exhibit numbers. Counsel shall prepare three exhibit binders: (1) an original for the CRD, which shall be tagged with the appropriate exhibit tags in the upper right hand corner of the first page of each exhibit, (2) one copy for the Court, and (3) one copy for the witness. The spine portion of the binder shall indicate the volume number of the binder. Each binder shall contain an index of the exhibits included in the volume.

The original copy of the exhibits shall be labeled with the Court's exhibit tags. The parties shall use yellow tags for plaintiff and blue tags for defendant, which shall be stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag. Counsel can obtain exhibit tags at the Clerk's Office, Room 134, 1st Floor, 3470 Twelfth Street, Riverside.

The three exhibit binders and device(s) containing electronic copies of the exhibits shall be delivered to Judge Kato's "Mandatory Chambers Copies" box. If they do not fit in the "Mandatory Chambers Copies" box, the courier shall buzz chambers and will be met at the courtroom doors to complete the delivery.

***On the first day of trial***, counsel shall provide three copies of an exhibit index to the CRD.

### D.  *<u>Final Pretrial Conference Order and Stipulation of Facts</u>*

At least ***fourteen (14) days before the Final Pretrial Conference***, counsel shall file a proposed Final Pretrial Conference Order. In drafting the proposed Final Pretrial Conference Order, counsel shall make a good faith effort to agree

on and set forth as many uncontested facts as possible. Counsel shall file a separate Stipulation of Facts identifying the uncontested facts. The Court may read the uncontested facts to the jury at the start of the trial.

In drafting the factual issues in dispute for the proposed Final Pretrial Conference Order, the issues of fact should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (i.e., "was the defendant negligent?"; "was such negligence the proximate cause of injury to the plaintiff?"; "was the plaintiff negligent?"; **not,** "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3?"). Counsel may list sub-issues under the headings of ultimate fact issues, but shall not use this as a device to list disputes over evidentiary matters.

Issues of law should state legal issues upon which the Court will be required to rule after the Final Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

### E.  *Jury Instructions and Verdict Form(s)*

At least ***fourteen (14) days before the Rule 16-2 Meeting of Counsel***, counsel shall exchange proposed jury instructions and verdict form(s). ***Seven (7) days before to the Rule 16-2 meeting***, counsel shall exchange any objections to the instructions and verdict form(s). Prior to or at the time of the Rule 16-2 meeting, counsel shall meet and confer with the goal of reaching agreement as to one set of joint, undisputed jury instructions and one joint, undisputed verdict form or set of verdict forms.

At least ***fourteen (14) days before the Final Pretrial Conference***, the parties shall file proposed jury instructions and proposed verdict form(s). In addition to filing the agreed-upon and disputed jury instructions and proposed verdict form(s), the parties must submit electronic versions (Word format) of of both the agreed-upon and disputed jury instructions and the proposed verdict form(s) to the Court

1  at the following e-mail address: kk_chambers@cacd.uscourts.gov.

2       As noted above, the parties must act jointly to submit proposed jury

3  instructions. The parties must submit one set of agreed-upon jury instructions. The

4  parties must also submit a disputed set of jury instructions containing the

5  instructions upon which the parties disagree. If applicable, the disputed jury

6  instructions shall include redlined edits of the language over which the parties

7  disagree. The party opposing the instruction must attach a short (i.e., one to two

8  paragraphs) statement supporting the objection, and the party submitting the

9  instruction must attach a short statement supporting the instruction. Each statement

10  should be on a separate page and should follow directly after the disputed

11  instruction.

12       Accordingly, the parties ultimately will submit one document of jury

13  instructions or, if the parties disagree over any proposed jury instructions, two

14  documents. If the parties submit two documents, those documents should consist

15  of: (1) a set of agreed-upon jury instructions, and (2) a set of disputed, redlined

16  jury instructions along with reasons supporting and opposing each disputed

17  instruction.

18       Where the *Manual of Model Civil Jury Instructions for the Ninth Circuit*

19  *(2017 edition)* provides a version of a requested instruction, the parties should

20  submit the Model instruction. Where California law applies, the Court prefers

21  counsel to use the *Judicial Council of California, Civil Instructions* ("CACI").

22  If neither of the above sources has an instruction on the subject, counsel are

23  directed to consult the current edition of *O'Malley, et al., Federal Jury Practice*

24  *and Instructions.* Each requested instruction shall (a) cite the authority or source

25  of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be

26  numbered, (e) cover only one subject or principle of law, and (f) not repeat

27  principles of law contained in any other requested instruction.

28       An index page shall accompany all jury instructions submitted. The index

page shall indicate the following:

- The number of the instruction;

- A brief title of the instruction;

- The source of the instruction and any relevant case citations; and

- The page number of the instruction.

Example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Cir. 12.02 | 7 |

In addition to the jury instructions, the parties shall submit their proposed verdict form(s). If the parties cannot agree on a proposed verdict form or set of verdict forms, the parties must jointly submit their proposed verdict form(s) with redlines noting any disputed language.

## F.  *Joint Statement of the Case and Voir Dire*

At least **fourteen (14) days before the Final Pretrial Conference**, each counsel must file any proposed voir dire questions to be asked of prospective jurors. Counsel shall also prepare a Joint Statement of the Case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be longer than two or three paragraphs and shall not exceed one page. The parties must submit an electronic version (Word format) to the Court at the following e-mail address: kk_chambers@cacd.uscourts.gov.

## G.  *Deposition Designations*

At least **seven (7) days before trial**, counsel shall lodge any deposition(s) that they intend to use at trial in both hard copy and electronic (e.g., USB) format. Counsel shall identify on the deposition transcript(s) the testimony the party intends to offer and whether the testimony will be offered for impeachment or in lieu of live testimony. In addition, for testimony that will be offered in lieu of live testimony, counsel shall meet and confer to identify any objections to the proffered

1    evidence in the margins of the deposition by briefly providing the ground for the

2    objection and the response to the objection. The hard copy depositions and

3    device(s) containing electronic copies of the depositions shall be delivered to Judge

4    Kato's "Mandatory Chambers Copies" box. If they do not fit in the "Mandatory

5    Chambers Copies" box, the courier shall buzz chambers and will be met at the

6    courtroom doors to complete the delivery.

7            **H.   _Court Reporter_**

8            At least **_seven (7) days before trial_**, counsel for the parties shall provide the

9    court reporter with a list of unusual words, phrases, and spellings that may come

10   up during trial. This information should be emailed to the CRD at

11   kk_chambers@cacd.uscourts.gov.

12   **V.    TRIAL**

13           The Court sets firm trial dates. Counsel shall arrive at the courtroom **_not later_**

14   **_than half an hour before the start of trial_** each day of trial. The Court reserves

15   that time to handle legal and administrative matters outside the presence of the jury.

16   Counsel shall anticipate matters that may need discussion or hearing outside the

17   presence of the jury and raise them during this period.

18           Trials are generally conducted Monday through Friday. The Court will adopt

19   a particular time schedule on a case-by-case basis. In general, the schedule will be:

20   (i) from 8:30 a.m. to 2:30 p.m. with two or three 20-minute breaks; or (ii) from

21   9:00 a.m. to 4:30 p.m., with a 15-minute break in both the morning and the

22   afternoon, and a one-hour lunch break. In most cases, jury selection is completed

23   on the first morning of trial, and counsel should be prepared to give opening

24   statements and begin presentation of evidence immediately thereafter.

25           All counsel are asked to observe the following practices during trial:

26           1.      All counsel, defendants, and parties shall rise when the jury enters and

27                   leaves the courtroom.

28           2.      Counsel shall stand when addressing the Court, including when

–12–

1    objecting to opposing counsel's questions.

2    3.   When objecting, counsel shall stand and should state only "objection,"

3         and the legal ground for the objection (e.g., hearsay, irrelevant, etc.).

4         Counsel should refrain from arguing the legal basis for the objection

5         unless permission is granted to do so.

6    4.   Counsel must seek leave to approach the CRD or the witness, and

7         should question witnesses while standing at the lectern.

8    5.   Counsel should not address or refer to witnesses or parties by first

9         names alone, with the exception of witnesses under 14 years old.

10   6.   The Court will establish time limits for opening statements and closing

11        arguments and the presentation of each party's case. The Court

12        strictly enforces the set time limits.

13   7.   Counsel shall not discuss the law or argue the case in opening

14        statements.

15   8.   Counsel shall address all remarks to the Court and should not directly

16        address the CRD, the Court Reporter, opposing counsel, or the jury

17        (except in opening statement and closing argument). Counsel must ask

18        the Court for permission to speak off the record in order to speak with

19        opposing counsel.

20   9.   Counsel shall not make an offer of stipulation unless Counsel has

21        conferred with opposing counsel and believes that the stipulation will

22        be accepted. Any stipulation of fact will require the opposing party's

23        concurrence and shall be submitted to the Court in writing for approval.

24   10.  While Court is in session, counsel may not leave the counsel table to

25        confer with witnesses, colleagues, or assistants in the back of the

26        courtroom unless the Court grants permission to do so in advance.

27   11.  Where a party has more than one lawyer, only one may conduct the

28        direct or cross-examination of a particular witness, or make objections

1     as to that witness.

2    12.    If a witness was on the stand before a recess or adjournment, counsel

3          shall have the witness back on the stand and ready to proceed when

4          Court resumes.

5    13.    If there is more than a brief delay between witnesses, the Court may

6          deem that the party has rested.

7    14.    The Court attempts to cooperate with witnesses and will, except in

8          extraordinary circumstances, accommodate them by permitting them

9          to be examined out of sequence. Counsel should discuss any

10         scheduling issues with opposing counsel. If there is an objection,

11         counsel shall confer with the Court in advance.

12    15.    Counsel shall not make facial expressions, nod, or shake their heads,

13         or comment or otherwise exhibit in any way any agreement,

14         disagreement, or other opinion or belief concerning the testimony of a

15         witness. Counsel shall admonish their clients and witnesses not to

16         engage in such conduct.

17    16.    Counsel should not talk to jurors at all, and should not talk to co-

18         counsel, opposing counsel, witnesses, or clients where the conversation

19         may be overheard by jurors. Each counsel should admonish counsel's

20         own clients and witnesses to avoid such conduct. Counsel should not

21         speak with courthouse personnel regarding the trial, jury deliberations,

22         or where the jury stands. Each counsel should admonish counsel's

23         clients, witnesses, and agents not to engage in such conduct. If any

24         team should inadvertently become aware of jury information, including

25         where the jury stands during deliberations, such information, shall not

26         be repeated to anyone without permission of the Court. The parties

27         should immediately notify the Court of such disclosure.

28    17.    Counsel must notify the CRD in advance if any witness should be

accommodated based on the Americans with Disabilities Act or for other reasons.

## VI.    WEBSITE

Counsel are encouraged to review the Central District's website for additional information: https://www.cacd.uscourts.gov.

The CRD is ordered to serve a copy of the Order personally, electronically, or by mail on counsel for all parties to this action.

**IT IS SO ORDERED.**

Dated:  August 30, 2025

_____
HONORABLE KENLY KIYA KATO
United States District Judge